*J. P. Spriggs, Hunter, Mallory & Jeffers, Pearson & Oakey*, and *Blackmarr & Young*, for Plaintiff in Error.

*Weems, Walton & Cook*, and *Robert W. McCammon*, for Defendant

---

**3 Dec. 312.**

## PLEADING—LIMITATION OF ACTIONS.

[Hancock Circuit Court, May Term, 1895.]

Seney, Day and Price, JJ.

### BORMUTH BY HER NEXT FRIEND V. BEYER.

**1. FACTS CONSTITUTING A CAUSE OF ACTION FOR CRIMINAL ASSAULT.**

In a civil action, by a female, to recover a money judgment for a criminal assault, the petition contains a general statement of facts, in substance: That the defendant made an assault on her with criminal intent, and took unwarranted liberties with her person, without her consent, and frightened, humiliated and injured her to an extent of $5,000, for which she prays judgment. The facts stated constitute a cause of action in favor of plaintiff and against defendant, and the petition is good as against a general demurrer.

**2. WHEN RIGHT OF ACTION ACCRUES TO AN INFANT.**

The provisions of section 4986 of the Statute of Limitations is not a saving provision merely to persons under disability, but forms an exception to a general rule, and excepts the persons therein named from the operation of the general provision of section 4979; so that time does not begin to run against persons under the disability of infancy when a right of action accrues, until such disability is removed.

ERROR to the court of common pleas of Hancock county.

DAY, J.

There are here two cases similar in their facts and in the ruling made by the court below on the facts and the decision of the legal question involved disposes of both cases.

The facts stated in the petition in each case as a cause of action are in substance; that Andrew Beyer is a duly ordained minister of the gospel, and for years was pastor of a congregation at Genera, Ohio. He also understood and taught music. The plaintiff is a female of tender years; was at the time of the wrongs complained of and still is within the age of minority; was a member of the flock at Genera, and worshipped and learned music under Beyer's ministrations. While these relations were existing, on June 1, 1892, Beyer made an assault on plaintiff with criminal intent, and at divers other dates between June 1 and August 1, 1892, made assaults on her with such intent, and took unwarranted liberties, without her consent, and frightened her; and defendant's conduct became known to the public, and she was humiliated, discredited and injured to the extent of $5,000, for which sum judgment is prayed. The petition was filed February 19, 1895. The common pleas court sustained a general demurrer to this petition, and the plaintiff not desiring to further plead, judgment was entered dismissing the petition and requiring plaintiff to pay costs. Plaintiff prosecutes error here, and the action of the court sustaining the demurrer and dismissing the petition is complained of.

As against a general demurrer, we regard the averments of the petition as sufficient. The facts therein stated constitute a cause of action in favor of plaintiff and against the defendant. The demurrer admits that defendant made an assault on plaintiff; that is, offered violence to plaintiff's person, with criminal intent, and frightened, humiliated and injured her. In such case, the law gives a right of action to the person aggrieved, and a very general statement of the facts of assault and injury is good as against a general demurrer. But we understand the court below did not base its action in sustaining the demurrer on this ground; in fact, did not decide the question raised as to the sufficiency of the facts stated at all; but sustained the demurrer solely on the grounds that it appears from the facts pleaded, that the bar of the statute of limitations had intervened; and the disability of infancy not having been removed, plaintiff had no right of action, and would not have until she arrived at full age. In short, holding that the time of limitation, as against a person under disability, begins to run when the right of action accrues, and not when the disability is removed.

The plaintiff, as appears, was under the disability of infancy when the right of action arose, and when the action was commenced. In case of assault and injury, the limitation is one year, and this cause of action accrued more than one year before the action was commenced; so the question is squarely presented and cannot be evaded: When does the statute of limitations begin to run against a person under disability at the time the cause of action arises? If at the time the right of action accrues, it has already run against the plaintiff, and in such case it is doubtful if she can bring action until her infancy is removed and then by virtue of the provisions of section 4986, Revised Statutes, saving the rights of persons under disability. If, however, the statute does not begin to run until the disability is removed by plaintiff attaining her majority, then the bar of the statute has not intervened, and the action is properly brought.

A proper solution of the question here presented, is to be had by noting the peculiar provisions and position of the different sections of the statute providing a limitation as to time of commencing actions and saving of the rights of persons under disability, with a view of ascertaining if the saving section is a saving merely, or whether it forms an exception to the general rules, for that seems to be the test. Angell on Limitations, at sections 476 and 485, states the

rule as follows : "The statute of limitations runs against all persons, whether under disability or not, unless they are excepted from its operation." The statute of limitations of this state, section 4979, Revised Statutes, provides : "Civil actions, other than for the recovery of real property, can only be brought within the following periods after the cause of action accrues." By the provisions of this section, standing and considered alone, there is no exception. In all cases, and against all sorts of persons, time begins to run from the moment the right of action arises. But in the same title 1, division 2, chapter 2, and subdivision 3, is the section saving to persons under disability, section 4986, which provides : "If a person entitled to bring. any action mentioned in this subdivision, except for a penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority, etc., such person may bring such action within the respective times limited by this subdivision, after such disability is removed." The sections constituting subdivision 3, of title 1, division 2, chapter 2, must all be considered together, for the purpose of discovering the legislative intent ; and considering and construing section 4986 with section 4979, and reading the provisions of 4986 into 4979, the intention of the law maker becomes quite apparent, and plainly was, to except persons under the disability of infancy from the operation of the general limitation provided by section 4979. We are all of opinion that the provision of section 4986 forms an exception to the general provision of section 4979, and that time does not begin to run until the disability mentioned in section 4986, is removed.

If we are correct in this conclusion, the court below was in error in sustaining the demurrer and in dismissing the petition, for which error the judgment, in both cases, is reversed, and cause remanded to the common pleas to be further proceeded with.

*H. Walter Doty*, for Plaintiff in Error.
*Shafer & Shafer* and *Jno. Poe*, for Defendant.